

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 3, 1993

Honorable Wiley L. Cheatham
District Attorney
24th Judicial District
P.O. Box 587
Cuero, Texas 77954

Opinion No. DM-247

Re: Whether the provisions of article 59.06(c) of the Code of Criminal Procedure, directing that certain forfeited property be deposited in a "special fund in the county treasury," require that such funds be deposited with the county treasurer for placement in the county depository, and related questions (RQ-469)

Dear Mr. Cheatham:

Your request for an opinion describes the procedures your office uses to administer funds distributed to "the attorney representing the state" pursuant to article 59.06(c)(1) of the Code of Criminal Procedure and asks whether your procedures comply with that subsection. The funds in question are property or proceeds of property forfeited as contraband under chapter 59 of the Code of Criminal Procedure. Subsection (c)(1) of article 59.06 provides as follows:

> (c) If a local agreement exists between the attorney representing the state and law enforcement agencies, all money, securities, negotiable instruments, stocks or bonds, or things of value, or proceeds from the sale of those items, shall be deposited according to the terms of the agreement into one or more of the following funds:

> (1) a special fund in the county treasury for the benefit of the office of the attorney representing the state, to be used by the attorney solely for the official purposes of his office.

Code Crim. Proc. art. 59.06(c)(1).

You explain that your judicial district includes three counties and that when you receive your share of the forfeiture funds according to the local agreement with law enforcement agencies, you deposit those funds in an interest-bearing bank account in a bank in the county in which the forfeiture occurred. You further state in your letter:

> [I]f the fund, in any of the three counties, goes over $100,000.00 (as it has in [X] County), we have an agreement with the bank that these public funds in amounts greater than the federally insured $100,000.00 will be adequately bonded and insured.

We submit a budget for forfeited funds to the Commissioners Court (of each County) before expenditure of those funds which were forfeited in that particular county... Then, our special funds are audited annually by the Commissioners Court in each of our three Counties.... After the annual audit, we send a certified copy of the annual audit to the attorney general and governor ... within 30 days so they can further inspect our expenditures to insure that the funds were properly used.

Under this procedure the district attorney writes the checks for his office and the sheriff does likewise in regard to his use of funds received by him under the local agreement, and these expenditures are reflected in the annual audit and therefore subject to question, but at a later time when the information is not likely to interfere with an investigation or prosecution or endanger an informer or undercover officer.

In your letter you compare this system with an alternative in which

the district attorney's and sheriff's special funds are kept with the county treasurer and administered by the treasurer and auditor under the direction of the attorney for the state .... Under this procedure where it has been proposed that [Y] County be the depository for the three (3) counties, every check would be issued and signed by the Auditor and also signed by the Treasurer and District Attorney (or Sheriff, as the case may be).

You state that the problem with this alternative system is that at least three persons would be involved in the issuance of each check, so it would be impossible to prevent expenditures from becoming common knowledge almost immediately. If the payments were part of an undercover operation, the criminal targets under the alternative system would be more likely to find out about the operation prematurely, with the possible results of ruined investigations and prosecutions and imperilment of law enforcement agents and prosecutors.

**Must forfeiture monies be deposited with the county treasurer for placement in the county depository?**

You first ask whether your current system of administering forfeiture funds complies with article 59.06 of the Code of Criminal Procedure. We believe the question was decided in Attorney General Opinion DM-162 (1992), which you ask us to overrule. In that opinion we held that the plain language of subsections (c)(1) and (c)(3) of article 59.06 requires that forfeiture funds "be deposited with the county treasurer for placement in the county depository in the manner in which county funds are generally handled." Attorney General Opinion DM-162, at 4. We here reaffirm the conclusion and reasoning

of that opinion, and we conclude that the depository arrangement described above does not comply with subsection (c)(1).[1]

> **May the county law enforcement agency or the attorney representing the state be the sole signatory of checks for forfeiture fund expenditures?**

You next ask whether, consistently with subsection (c)(1), the county law enforcement agency or the attorney representing the state may be the sole signatory of checks for those expenditures, to the exclusion of the county treasurer and the county auditor. If the answer is yes, you also ask whether the county law enforcement agency or the attorney representing the state may keep exclusive records of individual forfeiture fund expenditures, of course, subject to the annual audit required by subsection (g).

The first of these two questions requires us to consider various related statutes. Section 113.041 of the Local Government Code provides in part:

> (a) The county treasurer shall disburse the money belonging to the county and shall pay and apply the money as required by law and as the commissioners court may require or direct, not inconsistent with law.
>
> (b) A person may not spend or withdraw money from the county treasury except by a check or warrant drawn on the county treasury, whether or not the money is in a county depository as required by law.
>
> (c) The county treasurer may not pay money out of the county treasury without a certificate or warrant from an officer who is authorized by law to issue the certificate or warrant.
>
> (d) *If the treasurer doubts the legality or propriety of an order, decree, certificate, or warrant presented to the treasurer for payment, the treasurer may not make the payment. The treasurer shall report the matter to the commissioners court for the court's consideration and direction.* [Emphasis added.]

Section 113.042 of the Local Government Code provides in part:

> (a) On the presentation of a warrant, check, voucher, or order drawn by a proper authority, and if there are sufficient funds for

---

[1] Section 140.003 of the Local Government Code, which applies to district attorneys and criminal district attorneys but not to law enforcement agencies, Local Gov't Code § 140.003(a) (definition of "specialized local entity"), requires a "specialized local entity [to] deposit in the county treasury of the county in which the entity has jurisdiction the funds the entity receives," *id.* § 140.003(f). Because yours is a multicounty district, section 140.003 requires that one county be designated as responsible for managing your forfeiture funds. *Id.* We will treat this matter further in the text below at pages 8 and 9.

payment on deposit in the account against which the instrument is drawn, the county treasurer shall endorse on the face of the instrument the order to pay the named payee and shall charge the amount in the treasurer's records to the fund on which it is drawn.

Section 113.043 of the Local Government Code provides in part:

In a county with a county auditor, the county treasurer and the county depository may not pay a check or warrant unless it is *countersigned by the county auditor to validate it as a proper and budgeted item of expenditure*. [Emphasis added.]

Section 113.064 of the Local Government Code provides in part:

(a) In a county that has the office of county auditor, each claim, bill, and account against the county must be filed in sufficient time for the auditor to examine and approve it before the meeting of the commissioners court. *A claim, bill, or account may not be allowed or paid until it has been examined and approved by the auditor*. [Emphasis added.]

Although sections 113.041 through 113.043 and 113.064 generally require the county treasurer to make disbursements out of the county treasury by endorsing instruments drawn by proper authorities and require the county auditor to approve those disbursements and to countersign checks and warrants, we are of the opinion that article 59.06 of the Code of Criminal Procedure is irreconcilable with those provisions. Subsections (d) and (g) of article 59.06 provide in part:

(d) Proceeds awarded under this chapter to a law enforcement agency or to the attorney representing the state *may be spent by the agency or the attorney after a budget for the expenditure of the proceeds has been submitted to the commissioners court or governing body of the municipality*. The budget must be detailed and clearly list and define the categories of expenditures, but may not list details that would endanger the security of an investigation or prosecution. Expenditures are subject to audit provisions established under this article.

. . . .

(g) All law enforcement agencies and attorneys representing the state who receive proceeds or property under this chapter shall account for the receipt and disbursement of all such proceeds and property in an audit, which is to be performed annually by the commissioners court or governing body of a municipality, as appropriate. [Emphasis added.]

The plain language of subsection (d) expressly grants spending authority to the local law enforcement agency or attorney representing the state. The only condition precedent to the exercise of the spending authority is that the law enforcement agency or attorney representing the state must submit a budget for that category of expenditure; there is no requirement that the commissioners court approve the budget submission, except for increases in "salary, expense, or allowance for" certain employees. Code Crim. Proc. art. 59.06(d); Attorney General Opinion DM-246 (1993) at 5-6. Subsection (d) therefore does not merely grant spending *authority* to the law enforcement agency or the attorney representing the state; it also grants spending *discretion*. The subsection evidences the legislative intent that there generally be no "front-end" review of the spending decisions of the prosecutor or law enforcement agency, that is, that there be no interference with the discretion exercised by the local law enforcement agency or the attorney representing the state in spending forfeiture funds.[2] Read in conjunction with subsection (d), subsection (g)'s express provision for an annual audit by the commissioners court or municipal governing body suggests that such audit is exclusive of any "front-end" review authority of the county auditor.

As we wrote in Attorney General Opinion 246, at 5-6, the legislative history of chapter 59 of the Code of Criminal Procedure supports the legislative intent that there be no "front-end" review of forfeiture-fund spending decisions. If sections 113.041 through 113.043 and 113.064 were applicable to purchases that the law enforcement agency or the prosecutor desired to make, there would be a conflict between the spending discretion granted to the agency or prosecutor in subsection (d) and the treasurer's duty under Local Government Code section 113.041 to refuse to make a payment on a certificate or warrant if the treasurer doubts its legality or propriety, as well as the auditor's duty under sections 113.043 and 113.064 to reject a payment on a certificate or warrant that he or she believes is not a valid and budgeted payment.

Article 59.06 is more specific and was enacted more recently than sections 113.041, 113.042, 113.043, and 113.064 of the Local Government Code. *See* Acts 1987, 70th Leg., ch. 149, § 1 (enactment of Local Gov't Code); *see also* Acts 1989, 71st Leg., 1st C.S., ch. 12, § 1 (enactment of chapter 59 of the Code of Criminal Procedure). "[A] general provision must yield to a special one so far as necessary to give effect to the particular subject of the latter." *City of Austin v. Cahill*, 88 S.W. 542, 546 (Tex. 1905). Because the provisions cannot be harmonized,[3] we conclude that article 59.06 is an exception to section 113.041's requirement that disbursements be made by the county treasurer, section 113.042's requirement that all instruments be endorsed by the county

_____

[2]Your request involves county law enforcement agencies but not municipal law enforcement agencies. We do not address in this opinion the application of article 59.06 to appointed police chiefs.

[3]"[If] two laws relate to the same subject, [they] should be considered as if incorporated into one act. If being so considered the two can be harmonized and effect given to each, there can be no [implied] repeal [of the former law]." *Conley v. Daughters of the Republic*, 156 S.W.2d 197, 199 (Tex. 1913); 67 TEX. JUR. 3d *Statutes* § 136, at 750-51 (1989).

treasurer, section 113.043's requirement that all checks and warrants be countersigned by the county auditor, and section 113.064's requirement that all payments be approved by the county auditor.

There is one other statute that applies to this question. Section 140.003 of the Local Government Code provides in part:

> (a) In this section, "specialized local entity" means:
>
> (1) a district or criminal district attorney;
>
> (2) a juvenile board, juvenile probation office, or juvenile department established for one or more counties; or
>
> (3) an adult probation office or department established for a judicial district.
>
> . . . .
>
> (f) Each specialized local entity shall deposit in the county treasury of the county in which the entity has jurisdiction the funds the entity receives. *The county shall hold, deposit, disburse, invest, and otherwise care for the funds on behalf of the specialized local entity* as the entity directs. [Emphasis added.]

The emphasized language expresses the legislative intent that the county rather than the specialized local entity make disbursements out of the entity's funds. This intent conflicts with the language in subsection (d) of article 59.06 of the Code of Criminal Procedure: "Proceeds awarded under this chapter to a law enforcement agency or to the attorney representing the state *may be spent by the agency or the attorney*." (Emphasis added.)

Article 59.06, which creates a special fund for forfeited property and its proceeds, is more specific and was enacted more recently than section 140.003 of the Local Government Code, which deals generally with "the funds the [specialized local] entity receives." Local Gov't Code § 140.003(f); *see* Acts 1989, 71st Leg., ch. 1250, § 1 (enactment of section 140.003); *see also* Acts 1989, 71st Leg., 1st C.S., ch. 12, § 1 (enactment of chapter 59 of the Code of Criminal Procedure). As we noted above in regard to sections 113.041 through 113.043 and 113.064, "a general provision must yield to a special one so far as necessary to give effect to the particular subject of the latter." *City of Austin v. Cahill*, 88 S.W. at 546. It is impossible to give effect to both subsection (f) of section 140.003 and subsection (d) of article 59.06 unless the latter is treated as an exception to the general requirement of section 140.003 that the county, not the specialized local entity, make disbursements of the entity's funds. Because the two cannot be harmonized, we conclude that article 59.06 is an exception to section 140.003's requirement that "the county . . . disburse . . . the funds on behalf of the specialized local entity."

The effect of the foregoing conclusions regarding sections 113.041, 113.042, 113.043, 113.064, and 140.003 of the Local Government Code is that the attorney representing the state or the local law enforcement agency may be the sole signatory of any expenditure out of the special funds created by subsection (c) of article 59.06.

**May the county law enforcement agency or the attorney representing the state keep exclusive records of individual forfeiture fund expenditures?**

We now address whether the county law enforcement agency or the attorney representing the state may keep exclusive records of individual forfeiture fund expenditures, subject, of course, to the annual audit required by subsection (g) of article 59.06.[4] Section 112.005 of the Local Government Code requires the county auditor to "maintain an account for each county, district, or state officer authorized or required by law to receive or collect money or other property that is intended for the use of the county or that belongs to the county." Section 112.007 of the Local Government Code requires the county auditor to "keep a general set of records to show all the transactions of the county relating to accounts, contracts indebtedness of the county, and county receipts and disbursements." These requirements apply to all forfeiture-fund transactions of a county law enforcement agency or a county attorney because such transactions involve "property that is intended for the use of the county or that belongs to the county," Local Gov't Code § 112.005(a), and are financial "transactions of the county," id. § 112.007. The accounting and record-keeping requirements do not conflict with the legislative intent of article 59.06(d) to prohibit "up-front" review of forfeiture fund expenditures. We conclude that county law enforcement agencies and county attorneys may not keep exclusive records of forfeiture fund expenditures and that county auditors must comply with sections 112.005 and 112.007 in regard to those transactions.

Sections 112.005 and 112.007 (arguably) do not apply by their terms to forfeiture-fund expenditures by district attorneys and criminal district attorneys because those transactions (arguably) do not involve "property that is intended for the use of the county or that belongs to the county," id. § 112.005(a), and (arguably) are not financial "transactions of the county," id. § 112.007. However, section 140.003 of the Local Government Code requires "[t]he county [to] hold, deposit, disburse, invest, and otherwise care for the funds on behalf of the specialized local entity as the entity directs." Id. § 140.003(f). Although the foregoing quoted language does not by its literal terms incorporate the county auditor's record-keeping requirements of sections 112.005 and 112.007, the phrase "otherwise care for" strongly indicates that the legislature intended a

---

[4]Your request does not inquire about forfeiture-fund purchases by municipal law enforcement agencies; therefore, we do not consider in this opinion whether such entities may keep exclusive records of such purchases.

broad application of the various statutory county financial requirements to the funds of specialized local entities, including district attorneys and criminal district attorneys.[5]

This indication is buttressed by the legislative history of the statute. The Senate sponsor of the bill enacting section 140.003 explained the legislative intent as follows:

> [T]he bill provides some tightening up of the accounting and handling of certain specialized funds that exist in our counties. The district attorneys fund, the juvenile board, probation department—these people all have fee incomes that go into funds, and they are not required under existing law to comply with the competitive-bidding statutes, to comply with the same kind of accountability that is applied to the county treasury and the county commissioners. And this simply places some accounting and purchasing responsibilities to get a little bit of accountability into those public funds.

Hearings on C.S.H.B. 1434 before the Senate Intergovernmental Rel. Comm., 71st Leg. (May 25, 1989) (statement of Senator Parmer) (tape recording available from Senate Staff Services).

Section 140.003(f) incorporates the requirements of section 112.005 and 112.007 in regard to forfeiture-fund transactions of district attorneys and criminal district attorneys. For the reasons stated above concerning county law enforcement agencies and county attorneys, we similarly conclude that district attorneys and criminal district attorneys may not keep exclusive records of forfeiture fund expenditures and that county auditors must comply with sections 112.005 and 112.007 in regard to such transactions.

> **In a multicounty judicial district, may the forfeiture funds of a district attorney or a criminal district attorney be kept in the county where they were forfeited, or must the funds be kept in the county designated by the district judges having jurisdiction in those counties pursuant to section 140.003 of the Local Government Code?**

Your next three questions arise out of the multicounty character of your judicial district. You ask first whether, in a multicounty judicial district, the forfeiture funds of a district attorney or a criminal district attorney may be kept in the county where they were forfeited or whether the funds must be kept in the county designated by the district judges having jurisdiction in those counties pursuant to section 140.003 of the Local Government Code. Subsection (f) of section 140.003 provides in part:

> If a specialized local entity has jurisdiction in more than one county, the district judges having jurisdiction in those counties, by a majority

---

[5]The analysis in this paragraph does not include a consideration of the special problem of potential multiple record-keeping requirements in multicounty districts. See infra note 7 for a consideration of the application of sections 112.005 and 112.007 to multicounty districts.

vote, shall designate from among those counties the county responsible for managing the entity's funds.

We believe the quoted language plainly requires that the forfeiture funds collected by a district attorney or criminal district attorney from all counties in a multicounty district be kept in one designated county.[6]

> In a multicounty district, from which county or counties must the district attorney or criminal district attorney obtain commissioners court approval before increasing an employee's salary under article 59.06, subsection (d)?

You next ask from which county or counties the prosecuting attorney must obtain commissioners court approval before increasing an employee's salary under article 59.06, subsection (d), which provides in pertinent part:

> The head of the agency or attorney representing the state may not use the existence of an award to increase a salary, expense, or allowance for an employee of the attorney or agency who is budgeted by the commissioners court unless the commissioners court or governing body first approves the expenditure.

We believe this provision indicates the legislative intent that the normal budget-approval requirements apply to employee salary increases. Section 41.106 of the Government Code provides that the "prosecuting attorney shall fix the salaries of his assistant prosecuting attorneys, investigators, secretaries, and other office personnel, subject to the approval of the commissioners court of the county *or counties* composing the district." Gov't Code § 41.106(a) (emphasis added). Subsection (d) of article 59.06 is *in pari materia* with section 41.106 of the Government Code; therefore, a prosecuting attorney must obtain budget approval from the commissioners courts of all the counties of a multicounty district

---

[6]Subsection (a) of section 140.003 defines *specialized local entity* as

> (1) a district or criminal district attorney;

> (2) a juvenile board, juvenile probation office, or juvenile department established for one or more counties; or

> (3) an adult probation office or department established for a judicial district.

A "law enforcement agency," which is defined in chapter 59 of the Code of Criminal Procedure as "an agency of the state or an agency of a political subdivision of the state authorized by law to employ peace officers," Code Crim. Proc. art. 59.01(4), does not fall within the definition of *specialized local entity*. Therefore, section 140.003 does not apply to such an entity. A county law enforcement agency must deposit its forfeiture funds with the treasurer of its county, *Id.* art. 59.06(c)(3); Attorney General Opinion DM-162, at 4; and a state law enforcement agency must deposit its forfeiture funds "in a special fund in the state law enforcement agency," Code Crim. Proc. art. 59.06(c)(4).

that participate in budgeting a particular employee's salary before raising that employee's salary by expenditures out of the special forfeiture fund.

> Must an audit of a prosecuting attorney's forfeiture fund under subsection (g) of article 59.06 be performed by each county of a multicounty district or only by the county that is the "responsible county" under section 140.003 of the Local Government Code?

You next ask whether, under subsection (g) of article 59.06, an audit of the forfeiture fund of a prosecuting attorney must be performed by each county of a multicounty district or only by the county that is the "responsible county" under section 140.003 of the Local Government Code. Subsection (g) of article 59.06 provides in pertinent part:

> All law enforcement agencies and attorneys representing the state who receive proceeds or property under this chapter shall account for the receipt and disbursement of all such proceeds and property in an audit, which is to be performed annually *by the commissioners court or governing body of a municipality*, as appropriate. [Emphasis added.]

This subsection, like the rest of article 59.06, is silent about the existence of multicounty judicial districts. The language suggests no limitation on the audit authority of any commissioners court of a multicounty district; therefore, it suggests that the annual audit requirement of subsection (g) of article 59.06 applies to all the commissioners courts of a multicounty district.

We note in this regard subsections (f) and (g) of section 140.003 of the Local Government Code, which provide as follows:

> (f) Each specialized local entity shall deposit in the county treasury of the county in which the entity has jurisdiction the funds the entity receives. The county shall hold, deposit, disburse, invest, and otherwise care for the funds on behalf of the specialized local entity as the entity directs. If a specialized local entity has jurisdiction in more than one county, the district judges having jurisdiction in those counties, by a majority vote, shall designate from among those counties the county responsible for managing the entity's funds.

> (g) The county auditor, if any, of the county that manages a specialized local entity's funds has the same authority to audit the funds of the entity that the auditor has with regard to county funds.

We understand your request to ask whether these provisions modify the requirement of subsection (g) of article 59.06 so that in a multicounty district, only the "responsible" county shall conduct the annual audit of the prosecuting attorney's forfeiture fund.

We do not believe that subsection (f) of section 140.003 should be construed as limiting article 59.06 audit authority to the commissioners court of the responsible county. Subsection (f) of section 140.003 does not mention any audit by a commissioners court but instead authorizes the responsible county to "care for" the specialized local entity's funds. On the other hand, subsection (g) of section 140.003 expressly authorizes the county auditor of the responsible county to audit the specialized local entity's funds in the same way that county funds are audited. The expression of audit authority in subsection (g) indicates a lack of intent to grant (or limit) such authority to the responsible county's commissioners court by implication in subsection (f).

Read in conjunction with the grant of audit authority to the county commissioners courts in subsection (g) of article 59.06, subsection (g) of section 140.003 could be construed as either a grant of additional audit authority to the county auditor of the responsible county, or as a limitation of audit authority to that person (to the exclusion of the commissioners courts of the counties in the district), or as both. If the language limits the audit authority to the county auditor (to the exclusion of the commissioners courts), then section 140.003 conflicts with article 59.06. If the language is construed as a grant of additional authority, then subsection (g) of article 59.06, which provides for an audit by the commissioners court, may be harmonized and given effect. This construction thus satisfies the policy against implied repeal. *See Conley v. Daughters of the Republic*, 156 S.W.2d at 199 (there is no implied repeal if two laws on the same subject can be harmonized and both given effect).

For the foregoing reasons, we conclude that article 59.06(g) establishes the audit authority of the commissioners court, whereas section 140.003(g) establishes the audit authority of the county auditor of the responsible county. Therefore, article 59.06(g) requires the commissioners courts of all the counties of a multicounty judicial district to conduct, separately or jointly, an annual audit of the special forfeiture fund administered by the district or criminal district attorney.

> **In a multicounty judicial district, do the county auditors of the counties other than the responsible county have audit authority under section 115.0035 of the Local Government Code over the accounts of the district attorney or criminal district attorney?**

We have construed section 140.003(g) as being a grant of audit authority to the county auditor of the responsible county of a multicounty district but not a limitation or exclusion of the annual audit authority of the commissioners courts under article 59.06(g). In regard to the other county auditors of a multicounty district, however, the provision is both a grant and a limitation of audit authority. Section 140.003 of the Local Government Code was enacted by the 71st Legislature. *See* Acts 1989, 71st Leg., ch. 1250, § 1. That legislature also enacted section 115.0035 of the Local Government Code. *See id.* ch. 1007, § 1. Section 115.0035 requires "the county auditor," at least once each county fiscal year, and without notice, to "fully examine the accounts of all precinct, county and district officials," Local Gov't Code § 115.0035(b), "including the accounts of law

enforcement agencies and the attorney for the state composed of money and proceeds of property seized and forfeited to those officials," *id.* § 115.0035(a).

If subsection (g) of section 140.003 is treated as a grant only, then it is redundant, because section 115.0035(a) grants audit authority to all county auditors. This is not a satisfactory construction because it is contrary to the presumption that the legislature intended its entire statute to be effective. *See* Gov't Code § 311.021 (stating presumption). On the other hand, if subsection (g) means that in multicounty districts only the auditor of the responsible county has audit authority, to the exclusion of the other county auditors in those districts, then the provision conflicts with section 115.0035, which suggests no such exclusion.

This conflict is resolvable by recognizing section 140.003 as a special law and thus giving effect to section 115.0035 generally and to section 140.003 in the exceptional, multicounty districts. "If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail." *Id.* § 311.026(b). Section 140.003, the special provision, was enacted later, *see* Acts 1989, 71st Leg., ch. 1007, at 4103; ch. 1250, at 5054 (dates of enactment), so it prevails as an exception to section 115.0035, the general provision. We conclude that in multicounty districts, the county auditors of the counties other than the responsible county do not have audit authority over the accounts of the district attorney or criminal district attorney and, furthermore, that only the county auditor of the responsible county has audit authority under section 115.0035.[7]

**Who writes the checks, pays the bills, and keeps the monthly statements on the district attorney's forfeited funds?**

You next ask the practical question, "Who writes checks, pays the bills, keeps the monthly statements on district attorney's forfeited funds?" In accordance with what we

---

[7]On page 8 *supra* we conclude that section 140.003(f) incorporates the requirements of sections 112.005 and 112.007 of the Local Government Code. (Those sections impose certain accounting and record-keeping requirements on county auditors.) We also conclude on page 9 *supra* that section 140.003(f) requires that a multicounty "specialized local entity" maintain its forfeiture funds in one designated responsible county. Finally, we conclude above that section 140.003(g) may in certain instances (e.g. section 115.0035 audits) displace the statutory authority of the county auditors of the counties of a multicounty district other than the responsible county. Given our conclusions above in regard to section 140.003, subsections (f) and (g), we believe that sections 112.005 and 112.007 do not apply to the county auditors of the counties of a multicounty district other than the responsible county. Either sections 112.005 and 112.007 do not apply generally because forfeiture funds and transactions involving them are not within the scope of those sections (which is the assumption upon which we base our analysis on pages 7-8); or, if those sections do apply, they have been displaced by subsection (g) of section 140.003, according to the analysis above treating subsection (g) as both a grant and a limitation of authority. Under either assumption the result is the same: in multicounty districts the duties imposed by sections 112.005 and 112.007 and incorporated by reference in section 140.003, subsection (g), apply only to the county auditor of the county responsible for maintaining the forfeiture fund.

have decided above, your office is exclusively authorized to write the checks and pay the bills, but the county auditor of the responsible county must keep records of withdrawals from the forfeiture fund and must receive copies of the monthly statements on the fund. We are aware that the results of the foregoing analysis are that the county treasurer is taken "out of the loop" when the attorney representing the state or the county law enforcement agency makes a purchase out of the special forfeiture fund but that the county auditor still is required to be apprised of the purchase as part of that officer's record-keeping duties under section 112.005, 112.007, and 140.003 of the Local Government Code. If the result is not completely satisfactory when the purchase is part of an undercover criminal investigation, you should seek a legislative solution; the problem is not one that can be ameliorated in the opinion process.

### Who is responsible for the costs of safeguarding property seized as contraband?

You finally ask who is responsible for the costs of safeguarding property seized as contraband. For example, who pays for insurance, storage of personal property, and locks and do-not-enter signs on real property? You relate an incident in which one of your county auditors rejected a request to purchase insurance on a seized home and its valuable contents, all of which allegedly were contraband, and disallowed the reimbursement of expenses that the seizing deputy sheriff incurred in purchasing locks and warning signs that were placed on the house. The reason for the auditor's refusals was the belief that such costs were not proper expenses of the county. The house was burglarized and the valuable and uninsured contents were stolen.

Article 59.03 of the Code of Criminal Procedure provides in part:

> (c) A peace officer who seizes property under this chapter has *custody* of the property .... Not later than 72 hours after the seizure, the peace officer shall:
>
> (1) place the property under seal;
>
> (2) remove the property to a place ordered by the court; or
>
> (3) require a law enforcement agency of the state or a political subdivision to take *custody* of the property and move it to a property to a proper location. [Emphasis added.]

*Custody* means safekeeping. WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 318 (1989). Therefore, whoever has custody of the seized contraband under article 59.03 is responsible for keeping the property safe during the period of custody. Article 59.03's grant of custody to the seizing officer necessarily authorizes a peace officer to obligate his or her employer for reasonable expenses that the officer incurs in securing seized property. "[W]hen a statute commands or grants anything, it impliedly authorizes whatever is necessary for executing its commands or whatever is indispensable to the enjoyment or exercise of the grant." 67 TEX. JUR. 3d *Statutes* § 118, at 701 (1989) (footnotes omitted).

Furthermore, the above-quoted subsection (c) expressly authorizes a peace officer to require a law enforcement agency to take custody of seized property and move it to a safe location. We agree with you that if the custodian is a county or municipal peace officer or law enforcement agency, then the county or municipality is responsible for the costs of safeguarding the property as long as the property remains in custody.

## S U M M A R Y

We reaffirm the holding of Attorney General Opinion DM-162 (1992) that the special fund created for the attorney representing the state by article 59.06(c)(1) of the Code of Criminal Procedure must be deposited with the county treasurer for placement in the county depository. Article 59.06 is an exception to the requirement of section 113.041 of the Local Government Code that disbursements be made by the county treasurer, the requirement of section 113.042 of the same code that all payment instruments be endorsed by the county treasurer, section 113.043's requirement that all checks and warrants be countersigned by the county auditor, section 113.064's requirement that all payments be approved by the county auditor, and section 140.003's requirement that "the county . . . disburse . . . the funds on behalf of the specialized local entity." Section 140.003 requires that the special forfeiture fund of a "specialized local entity" having jurisdiction in more than one county be kept in the "responsible county" designated by the district judges of those counties. The county auditor is required to comply with sections 112.005 and 112.007 of the Local Government Code in regard to forfeiture-fund transactions of county law enforcement agencies and county attorneys. The county auditor also is required to comply with section 140.003, which incorporates sections 112.005 and 112.007, in regard to forfeiture-fund transactions of district attorneys and criminal district attorneys. Therefore, county law enforcement agencies and county, district, and criminal district attorneys may not keep exclusive records of their forfeiture-fund expenditures.

The forfeiture funds collected from all the counties in a multicounty judicial district by the district attorney or criminal district attorney must be kept in the one county designated by the district judges in that district as responsible for managing that specialized local entity's funds. In a multicounty judicial district, before expending forfeiture funds to increase the salary of an employee, a district attorney or criminal district attorney must obtain the approval of all the counties that budget the salary of that employee. The commissioners courts of all the counties of a multicounty judicial district must conduct, separately or jointly, an annual audit of the forfeiture fund of the district attorney or criminal district attorney of

that district. The county auditor of the responsible county in a multicounty district (as provided in section 140.003 of the Local Government Code) is required, and is the only county auditor that is authorized, to keep records of a district attorney's or criminal district attorney's forfeiture-fund transactions under sections 112.005, 112.007, and 140.003 of the Local Government Code. In multicounty districts, the county auditors of the counties other than the responsible county do not have audit authority over the accounts of the district attorney or criminal district attorney under section 115.0035 of the Local Government Code; only the county auditor of the responsible county has such audit authority. When a peace officer seizes property pursuant to article 59.03 of the Code of Criminal Procedure, the employer of that peace officer is responsible for the safeguarding of that property and is obligated to reimburse the peace officer for reasonable expenses incurred in securing the property as long as the property remains in custody.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General